578

## GUIBERSON v. LARSON.
### Civ. A. 4267–50.

United States District Court
District of Columbia.

Oct. 11, 1950.

Zach Lamar Cobb, Los Angeles, Cal., Harrison Fargo McConnell, Washington, D. C., for plaintiffs.

H. G. Morison, Asst. Atty. Gen., George Morris Fay, U. S. Atty., Edward H. Hickey, Atty., Dept. of Justice, Washington, D. C., for defendants.

BAILEY, District Judge.

■ The United States was the legal owner of the machinery in question in this case. Under the contract of sale to the plaintiff of the machinery, it remained and still remains the holder of the legal title. To grant the injunction sought by the plaintiff would be, in effect, the granting of specific performance of the contract of sale, and might render the defendant liable to the purchaser of the real estate to which the machinery is attached.

■ In the case of Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 1462, 93 L.Ed. 1628, a case almost on all fours with the instant case, the court said: "* * * the Administrator was empowered by the sovereign to administer a general sales program encompassing the negotiation of contracts, the shipment of goods and the receipt of payment. A normal concomitant of such powers, as a matter of general agency law, is the power to refuse delivery when, in the agent's view, delivery is not called for under a contract and the power to sell goods which the agent believes are still his principal's to sell."

■ In my opinion this suit is one against the United States and is controlled by the case cited.

The application for a temporary injunction will be denied.