### GUIBERSON v. RECONSTRUCTION FINANCE CORP. et al.

No. 13594.

United States Court of Appeals
Fifth Circuit.

March 6, 1952.

J. Glenn Turner, W. D. White, Dallas, Tex., for appellant.

Carlton R. Winn, Frank B. Potter, U. S. Atty., Dallas, Tex., Josiah G. Holland, Denver, Colo., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and RIVES, Circuit Judges.

RIVES, Circuit Judge.

The district court sustained the motion of Reconstruction Finance Corporation for a summary judgment, and that action is not complained of on this appeal. Appellant here seeks to reverse the action of the court in sustaining the motion of Ideal Cement Company to dismiss the complaint for failure to state a cause of action.

On February 11, 1948, the appellant entered into a contract with the War Assets Administration for the purchase of certain machinery and equipment located at Baton Rouge, Louisiana. Under that contract, appellant agreed to remove the machinery and equipment within fifteen months, which would have expired on May 11, 1949. More than eight months subsequent to that date, appellant not having removed the property, on January 28, 1950, he and the Government executed an amendment to the contract providing in part that, "The machinery and equipment located upon this plancor site must be removed by you (appellant) within six (6) months from date hereof". By the extended date, July 28, 1950, appellant had not removed the property.

The R. F. C. had then conveyed the land upon which the machinery and equip-

ment was situated to M. A. Rikard and others and the grantees in turn conveyed to Ideal Cement Company. In each conveyance there was reserved the right to remove the machinery and equipment "at any time within one year from October 25, 1949".

In September, 1950, General Services Administration posted "Invitation for Bids For Sale of Machinery and Equipment". On the face of it was this recital: "Pursuant to the terms of a contract entered into between S. A. Guiberson, Jr., of Los Angeles, California, and the United States dated February 11, 1948, as amended, providing for the purchase by the said Guiberson of certain machinery and equipment, consisting principally of kilns, mills, agitators and related processing equipment, located at Baton Rouge, Louisiana, former Aluminum Company of America (Sinter Plant) Plancor 226-AO, which contract is in default as to the requirements for removal of said machinery and equipment from the real property in which it is installed and on which it is located, which real property is owned by a third party, the General Services Administration offers for sale for the account of S. A. Guiberson, Jr., the said machinery and equipment, a detailed list of which is attached hereto and made a part hereof, identified as 'Exhibit B'."

Appellant vigorously complains of the following language in said invitation for bids: "(4) The Government is obligated to remove the machinery and equipment and restore any property damaged by such removal by October 25, 1950, unless an extension of time can be negotiated with the owners of the land, which extension the Government has been unable to obtain. The Government is advised and believes that such removal cannot be accomplished by October 25, 1950, but that removal will require six weeks to three or more months' time. Any damages sustained by the owners of the land on which the machinery and equipment is located must be indemnified by the purchaser of the machinery and equipment, and the Government will require such purchaser to execute a satisfactory hold-harmless agreement, with

surety bond in the sum of $200,000, payable to the United States and executed by a surety company satisfactory to the United States, the form and substance of the said surety bond also to be satisfactory to the United States."

Only one bid was received, that from the appellee Ideal, which was accepted and a bill of sale executed pursuant thereto.

Appellant complains that the sale was unlawful and without due process and that Ideal converted his machinery to its own use. He further claims that Ideal is liable for a tortious interference with his contractual right and title to said machinery and equipment.

Basic to each of appellant's claims is a showing either that he had title to the machinery and equipment or that his contract for the purchase of same actually was breached.

Was title vested in the appellant by the purchase contract? Some of its provisions tend to that conclusion. In one place the contract provides that, "The effective date of this sale shall be 12:01 A.M. of the date of the acceptance of this Letter of Intent by S. A. Guiberson, Jr.". Another paragraph of the contract reads: "The purpose of this Letter is to advise the Purchaser that as soon as the conditions prerequisite to the consummation of this sale shall have been complied with, the legal details and necessary documents incident thereto prepared, title will be conferred in you as of 12:01 A.M. on the date of acceptance of this Letter of Intent, which is to be taken as being the date upon which any expense incurred in the maintenance and custody of said machinery, equipment, and stores are to be borne by you in accordance herewith."

The purchase price was payable partly in cash and partly in deferred installments. It was provided that, "The balance of the total sale price is to be paid at the fair value of specific machinery and equipment as removed from the various plancors". The opening sentence of the contract was to the effect that the War Assets Administration had "conditionally approved the sale" to appellant. The contract provided

that "The Seller shall transfer to Purchaser whatever interest it may have in the machinery, equipment, and stores herein referred to without warrant of title expressed or implied." It further provided:

"It is understood and agreed that all the terms and provisions of this Letter of Intent shall survive the execution and delivery of final instrument of conveyance.

"The proposed sale of the subject properties is approved on the terms .and conditions above stipulated only, which terms and conditions exclusively govern the entire commitment of War Assets Administrator."

The amendment of January 28, 1950 referred to "the purchase price of the property which you contracted to purchase under the Letter of Intent aforesaid." It promised that: "Upon your compliance with the requirements hereof, and within a period of sixty (60) days thereafter, this Administration will vest title in you (by transfer instruments without warranty of title, expressed or implied) to the remaining properties purchased by you and you will contemporaneously therewith execute your promissory note for the purchase price secured by purchase money and chattel mortgage liens in form and substance satisfactory to General Services Administration."

It further provided: "Within thirty (30) days from date hereof, and at, any event before transfer of title is made, all property lists covering the property purchased by you will be firmed up by you to the satisfaction of this Administration."

The contract contained no powers of sale or provision for foreclosure, but did provide that: "(i) This agreement may be terminated without notice by the Seller in the event of any substantial breach on the part of the Purchaser of· any terms and conditions herein contained, in which event Purchaser shall be deemed to have forfeited all monies theretofore paid."

■ Construing the contract as a whole, and giving effect to each provision, we have no hesitancy in holding that the contract did not vest title in the appellant, but was a mere executory contract for the

purchase of the machinery and equipment. In reaching this conclusion, our view of the contract is the same as that of Judge Jennings Bailey of the United States District Court for the District of Columbia, Guiberson v. Larson, 103 F.Supp. 578, when he denied an application for a temporary injunction of the sale under which Ideal Cement Company became the purchaser and said in part: "The United States was the legal owner of the machinery in question in this case. Under the contract of sale to the plaintiff of the machinery, it remained and still remains the holder of the legal title. To grant the injunction sought by the plaintiff would be, in effect, the granting of specific performance of the contract of sale, and might render the defendant liable to the purchaser of the real estate to which the machinery is attached."

Judge Bailey's judgment was affirmed in a per curiam order by the Court of Appeals for the District of Columbia Circuit, on authority of Larson v. Domestic & Foreign Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628. Since we are in agreement with the quoted views of Judge Bailey it is not necessary for us to decide whether or not they are dicta.

Appellant further claims that Ideal Cement Company either tortiously induced the breach of his contract or knowingly and wilfully took advantage of such breach. We do not think that the complaint makes out a case of actual breach of appellant's contract by the R. F. C. for reasons which we shall state in some·detail.

■ Appellant claims that he was an assign of R. F. C. and therefore was entitled to the benefit of the clause contained in the deed from R. F. C. to Rikard et al. reserving to "itself, its successors and assigns" the right to remove the machinery and equipment up to October 25, 1950. Appellant had a mere executory contract to purchase the property. There was nothing to indicate that he was contemplated in the term "successors and assigns", or that the provision in the deed was made for his benefit. By the mandatory terms of the "Memorandum of Understanding" into which the appellant entered on January

28, 1950, he was advised that the machinery and equipment "must be removed by you within six months". Common prudence dictated that R. F. C., for its own protection, should reserve a period in which it could effect a removal if the appellant failed to remove the property by July 28, 1950.

Appellant's claim that because he paid rent to Rikard et al., the landowners, to July 28, 1950, he had a right to leave the machinery and equipment on the premises after that date does not require refutation. He owed that rent and its payment did not extend his rights beyond July 28, 1950.

The Letter of Intent provided that, "Should the machinery, equipment, and stores remain in place for a period longer than fifteen (15) months, Purchaser hereby agrees that War Assets Administration may move same at Purchaser's expense."

Appellant claims that this right of removal at his expense was a sole and exclusive remedy. The record discloses that removal of the machinery and equipment from the land would consume several months and would cost approximately a quarter of a million dollars. The contract did not provide that upon appellant's default the War Assets Administration *must* effect the removal, but that it *may* do so. Another paragraph of the agreement which has already been quoted gave the seller the remedy of termination for any *substantial breach* on the part of appellant of *any* terms and conditions. There is no inconsistency between the two provisions. We think that the seller was given alternative remedies by the "Letter of Intent", and that it had a right to pursue the remedy of termination.

The contract gave the seller the right upon its breach by the purchaser to take possession of the machinery and equipment and retain all moneys paid by the purchaser. The fact that the seller chose to advertise the property for sale to the highest bidder does not give the appellant any rights on which to base a cause of action.

Finally, the appellant claims that the non-removal of the machinery by him would not in any event be a legal ground for the declaration of default and proceedings thereon and cites in support of that contention Arrow Petroleum Co. v. Johnston, 7 Cir., 162 F.2d 269. That case is not in point as the contract there contained no provision for termination for the substantial breach of any term or condition. In the present case the removal of the machinery and equipment was a very important part of the contract and the clear term providing for such removal was wholly breached by the appellant.

We conclude that the appellant failed to establish either that he had title to the machinery and equipment or that his executory contract for the purchase of same was ever breached. The judgment is therefore affirmed.

Affirmed.